IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

George Torres,                              )     Case No. 1:24-cv-05515-JDA
                                            )
                        Petitioner,         )
                                            )
          v.                                )     **OPINION AND ORDER**
                                            )
Warden Graham,                              )
                                            )
                        Respondent.         )
_____ )

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge.  [Doc. 25.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On November 26, 2024, Respondent filed a motion to dismiss or, in the alternative, for summary judgment.  [Doc. 14.]  On the same day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.  [Doc. 15.]  Petitioner filed a notice of change of address on December 2, 2024, and documents mailed to Petitioner at his old address were returned to the Court as undeliverable.  [Docs. 17; 20.]  Therefore, the Clerk of Court mailed Respondent's motion and the *Roseboro* Order to Petitioner's new address and extended the deadline for Petitioner to file a response to the motion.  [Docs. 21; 22.]

On January 23, 2025, after Petitioner failed to respond to motion to dismiss or, in the alternative, for summary judgment, the Magistrate Judge ordered Petitioner to advise the Court, by February 6, 2025, whether he wished to continue with this case and notified

Petitioner that if he failed to respond, the action would be recommended for dismissal with prejudice for failure to prosecute. [Doc. 23.] When Petitioner again failed to respond, on February 12, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed for failure to prosecute. [Doc. 25.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 3.] No party has filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure.  As a result, Respondent's motion to dismiss or, in the alternative, for summary judgment [Doc. 14] is FOUND AS MOOT.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 25, 2025
Columbia, South Carolina

**<u>NOTICE OF RIGHT TO APPEAL</u>**

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.